UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FERMIN HUNTER; SCOTT EVANS; JOSEPH BELMAR; JOHN DOE; RALPH TIMMONS; REGINALD RANDOLPH; BRYAN UN; SHARDISS T. WESPI; GILBERT STREETER; JOSEPH DALTON; JOSE TORRES; and MATTHEW A. SIMOND, <br><br>                    Plaintiffs, <br><br>            -against- <br><br> CYRUS VANCE; THE CITY OF NEW YORK; MUNICIPAL CORPORATION; and NEW YORK STATE, <br><br>                    Defendants. | 19-CV-4598 (CM) <br><br> ORDER |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiffs Fermin Hunter, Scott Evans, Joseph Belmar, John Doe,[1] Ralph Timmons, Reginald Randolph, Bryan Un, Shardiss T. Wespi, Gilbert Streeter, Joseph Dalton, Jose Torres, and Matthew A. Simond jointly signed and filed this *pro se* complaint under 42 U.S.C. § 1983. Plaintiff Joseph Belmar is the only plaintiff who submitted an application to proceed *in forma pauperis* (IFP) and prisoner authorization. Plaintiffs style the complaint, which is not a model of clarity, as a "class action." Plaintiffs allege that Defendants have violated their rights in their individual criminal cases. They also may be asserting claims arising out of each individual Plaintiff's detention at Rikers Island. For the reasons set forth below, Plaintiffs' claims are severed under Fed. R. Civ. P. 21.

---

[1] This plaintiff is listed in the New York City Department of Correction records as "John Doe."

**DISCUSSION**

Generally, Rule 20 of the Federal Rules of Civil Procedure allows multiple plaintiffs to join in one action if (1) they assert any right to relief arising out of the same occurrence or series of occurrences, and (2) if any question of law or fact in common to all plaintiffs will arise in the action. *See, e.g.*, *Kalie v. Bank of Am. Corp.*, No. 12-CV-9192 (PAE), 2013 WL 4044951, at \*3 (S.D.N.Y. Aug. 9, 2013) (Courts "look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit'" (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979))).

Courts have the authority to deny joinder, or to order severance under Rule 21 of the Federal Rules of Civil Procedure, even without a finding that joinder is improper, if joinder "will not foster the objectives of the rule, but will result in prejudice, expense or delay." Wright & Miller, Fed. Prac. & Proc. § 1652 (3d ed.) (citations omitted); *see Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968) (Fed. R. Civ. P. 21 "authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance"); *Ghaly v. U.S. Dep't of Agric.*, 228 F. Supp. 2d 283, 292 (S.D.N.Y. 2002) (noting that "district courts have broad discretion to decide whether joinder is appropriate, even when the requirements of Rule 20(a) have been met") (citation omitted).

In determining whether to deny joinder or order severance of parties, courts consider the requirements of Rule 20 and additional factors, "including (1) whether severance will serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (considering motion to sever under Fed. R. Civ. P. 20 and 21); *see also Laureano v. Goord*, No. 06-CV-7845 (SHS) (RLE), 2007 WL 2826649, at \*8

2

(SD.N.Y. Aug. 31, 2007) (When considering severance, "courts should be guided by 'considerations of convenience, avoidance of prejudice to the parties, and efficiency'" (quoting *Hecht v. City of New York*, 217 F.R.D. 148, 150 (S.D.N.Y. 2003))).

Here, the Court assumes that Plaintiffs' claims do not arise out of the same transactions or occurrences or involve common questions of law or fact because their claims stem from each Plaintiff's individual criminal case and related detention. While these claims are similar in nature – Plaintiffs are at Rikers awaiting trial – each Plaintiff has his own criminal case and his own complaints regarding his detention.

Even if Plaintiffs in this action are properly joined, however, the Court finds that the practical realities of managing this *pro se* multi-prisoner litigation militate against adjudicating the plaintiffs' claims in one action. As *pro se* litigants, Plaintiff may appear only on their own behalf; none may appear as an attorney for the others. *See United States v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause'") (citations omitted); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause").

In addition, Rule 11(a) of the Federal Rules of Civil Procedure requires that every pleading, written motion, or other paper be signed by every party personally who is unrepresented. During the course of this action, each plaintiff would therefore be required to sign any motion or notice filed. But because of the transitory nature of a pretrial detention facility such as Rikers Island, where an inmate could be released or transferred at any time, and because of security concerns related to inmate correspondence and face-to-face communications, Plaintiffs would have at best only a very limited opportunity to discuss case strategy, share

discovery, or even provide each other with copies of the motions and notices that they file with the Court. Further, this can result in piecemeal submissions, delays, and missed deadlines. *See Perkins v. City of New York*, No. 14-CV-3779 (WHP), 2014 WL 5369428, at *1 (S.D.N.Y. Oct. 20, 2014) (finding that multi-prisoner case should be severed under Fed. R. Civ. P. 21 into individual actions based on unwieldy complaint, security considerations, and plaintiffs' likely inability to jointly litigate the case because they were housed in different facilities or given limited opportunities to associate).

Based on these logistical issues, the Court concludes that allowing this case to proceed as a multi-plaintiff case would not be fair to the Plaintiffs and would not achieve judicial economy. Allowing each plaintiff to proceed separately on the other hand, would facilitate the fair and efficient disposition of the litigation. The Court will therefore sever this action into individual cases.

Accordingly, Plaintiffs' claims are severed from each other. Joseph Belmar will proceed as the sole plaintiff in this action. The remaining plaintiffs – Fermin Hunter, Scott Evans, John Doe, Ralph Timmons, Reginald Randolph, Bryan Un, Shardiss T. Wespi, Gilbert Streeter, Joseph Dalton, Jose Torres, and Matthew A. Simond – will each be assigned a new case number. A copy of the complaint, other documents in this case, and this order will be docketed in each new case. The new cases will proceed independently from this point on, and each plaintiff must sign and

submit his own IFP application and prisoner authorization, so the Court can be paid the filing fee.[2] The plaintiffs will not be regarded as co-plaintiffs, except upon further order of the Court.[3]

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiffs, and note service on the docket.

The Court severs Plaintiffs' claims from each other under Fed. R. Civ. P. 21. Joseph Belmar will proceed as the sole plaintiff in this action. The Clerk of Court is further directed to open separate civil actions with new docket numbers for Fermin Hunter, Scott Evans, John Doe, Ralph Timmons, Reginald Randolph, Bryan Un, Shardiss T. Wespi, Gilbert Streeter, Joseph Dalton, Jose Torres, and Matthew A. Simond. A copy of the complaint, other documents in this case, and this order should be docketed in each new case.

---

[2] Although the Second Circuit has not reached the issue, a majority of courts have held that the Prison Litigation Reform Act, 28 U.S.C. § 1915, requires each prisoner to pay a full filing fee, regardless of whether the prisoner has joined with others to file in one case or is proceeding as the sole plaintiff. *See, e.g.*, *Hagan v. Rogers*, 570 F.3d 146, 155 (3d Cir. 2009); *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004); *Hubbard v. Haley*, 262 F.3d 1194, 1197 (11th Cir. 2001), *cert. denied sub nom. Hubbard v. Hopper*, 534 U.S. 1136 (2002); *Miller v. Annucci*, No. 18-CV-37 (CM) (S.D.N.Y. Feb. 27, 2018) (noting that *Hubbard*, *Hagan*, and *Boriboune* are "consistent with the Second Circuit's recognition that the PLRA was intended to deter the filing of frivolous lawsuits by prisoners," and that allowing prisoners to "split the cost of one filing fee between them would undermine the deterrent effect of the PLRA filing fee requirement") quoting *Ashford v. Spitzer*, No. 08-CV-1036 (LEK) (RFT), 2010 U.S. Dist. LEXIS 147041, at *13 (N.D.N.Y. Mar. 16, 2010))). *But see In re Prison Litig. Reform Act*, 105 F.3d 1131, 1138 (6th Cir. 1997) (declaring in an administrative order that "any fees and costs that the district court or the court of appeals may impose shall be equally divided among all the prisoners"); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 887 (6th Cir. 1999) (holding that costs assessed under 1915(f) must be apportioned equally among prisoner plaintiffs). The Court requires that each prisoner pay a full filing fee – especially where, as here, there will now be multiple cases.

[3] The severance of Plaintiffs' claims into individual cases does not mean that the plaintiffs' claims cannot be considered or tried together. If appropriate, the court can deem the cases related or consolidate them. *See Hagan*, 570 F.3d at 165 n.11.

5

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: July 8, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge